UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-02721-ODW (DFM) | Date: | April 19, 2021 |
|---|---|---|---|
| Title | Richard McIntee v. Glen E. Pratt | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Court Reporter |
| Deputy Clerk | | Not Present |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On March 24, 2021, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for kidnapping and child custody deprivation. See Dkt. 1 ("Petition") at 2, 8.

Petitioner was convicted in 2017 and sentenced the same year. See id. at 2. He appealed, and the California Supreme Court denied his petition for review on June 13, 2018. See id. at 3; see also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S247808). He states that he filed his first state habeas petition on July 15, 2019; the Superior Court denied it on August 6, 2019; he filed his next state habeas petition on January 21, 2020, which was denied on April 24, 2020, by the California Court of Appeal; and he filed his final state habeas petition on July 29, 2020, which was denied by the California Supreme Court on November 10, 2020. See id. at 3-5.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

The California Supreme Court denied Petitioner's petition for review on June 13, 2018. Thus, his conviction became final 90 days later, on September 11, 2018. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from this date, or until September 11, 2019, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until March 2021. The Petition is thus facially untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

As noted above, Petitioner did not file a habeas petition in state court until July 2019. At that point, about ten months of his AEDPA limitation had run. Even assuming he received statutory tolling for all of his state habeas petitions, the California Supreme Court denied his final petition in November 2020. He did not file the instant petition until over four months later.

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitation period expired. Ignorance of the law does not warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is thus not currently entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action.

**Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling. Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations. **Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute.** See Fed. R. Civ. P. 41(b).