# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD McINTEE,<br><br>Petitioner,<br><br>v.<br><br>GLEN E. PRATT,<br><br>Respondent. | Case No. CV 21-02721-ODW (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I. BACKGROUND

On March 24, 2021, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his conviction for kidnapping and child custody deprivation. See Dkt. 1 ("Petition") at 2, 8. The Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. See Dkt. 4. Petitioner did not respond, and the Petition should therefore be summarily dismissed.

## II. ANALYSIS

### A. The Petition Is Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). The Court has "the authority to raise [AEDPA's] statute of limitations sua sponte and to dismiss the petition on those grounds" once it has given petitioner "adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner was convicted in 2017 and sentenced the same year. See Petition at 2. He appealed, and the California Supreme Court denied his petition for review on June 13, 2018. See id. at 3; see also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S247808). Thus, his conviction became final 90 days later, on September 11, 2018. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from this date, or until September 11, 2019, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

Petitioner makes no showing and the record does not support a finding that he is entitled to a later trigger date. He does not argue that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). He does not assert any claim based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C). And Petitioner does not argue that he was unaware of the factual predicates of his claims. See id. § 2244(d)(1)(D). Petitioner's one-year limitation period accordingly expired in September 2019.

**B.    Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id.

In his Petition, Petitioner states that he filed his first state habeas petition on July 15, 2019; the Superior Court denied it on August 6, 2019; he filed his next state habeas petition on January 21, 2020, which was denied on April 24, 2020, by the California Court of Appeal; and he filed his final state habeas petition on July 29, 2020, which was denied by the California Supreme Court on November 10, 2020. See Petition at 3-5.

Based on his own allegations, Petitioner did not file a habeas petition in state court until July 2019. At that point, approximately ten months of his one-year AEDPA limitation period had run. Even assuming he received statutory tolling for all of his state habeas petitions, the California Supreme Court denied his final petition in November 2020. He would therefore only receive tolling until January 2021, yet he did not file the instant federal petition until two months later in March 2021.

**C.    Equitable Tolling**

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented his timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). As he failed to respond to the Court's order to show cause, Petitioner has made no showing that he is entitled to equitable tolling and provides no basis for a finding that he was pursuing his rights diligently. Thus, Petitioner is not entitled to any equitable tolling.

### III. CONCLUSION

The Petition is summarily dismissed because it is untimely. Let judgment be entered dismissing this action with prejudice.

Date: June 29, 2021

OTIS D. WRIGHT II
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge